1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOEL JAMES CLOUD,                        No.  2:19-cv-2593 DB P

12                    Plaintiff,

13   v.                                       ORDER AND FINDINGS AND
                                              RECOMMENDATIONS
14   OFFICER COX, et al..

15                    Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §

18   1983.  Before the court are plaintiff's motion to proceed in forma pauperis and plaintiff's

19   complaint for screening.  For the reasons set forth below, this court grants plaintiff's motion to

20   proceed in forma pauperis, finds plaintiff has stated a cognizable claim, and gives plaintiff an

21   opportunity to either amend his complaint or proceed on the cognizable claim in his current

22   complaint.  In addition, this court recommends some claims be dismissed.

23                              **IN FORMA PAUPERIS**

24        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

25   Accordingly, the request to proceed in forma pauperis will be granted.

26        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

27   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

28   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

                                              1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.      Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. <u>See</u> <u>Monell v. Dept. of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

## II.     Analysis

### A. Allegations of the Complaint

Plaintiff is currently incarcerated at California State Prison-Los Angeles. He complains of conduct that occurred in the fall of 2019 at High Desert State Prison ("HDSP"). Plaintiff identifies the following seventeen defendants: (1) Correctional Officer ("CO") Cox; (2) CO Rodriguez; (3) CO Van Raiden; (4) CO Kessler; (5) Lt. Hurlbert; (6) Sgt. Glenn; (7) CO Lucero; (8) CO Cea; (9) CO Anaya; (10) CO Martinez; (11) CO Moss; (12) CO Abamonga; (13) CO Villalobos; (14) CO Hutchinson; (15) CC II Espinoza; (16) CC II Quam; and (17) Appeals Coordinator Lt. Watkins.

Plaintiff identifies his first claim as alleging excessive force. He states that on August 28, 2019, he was in handcuffs and "stepped away" from defendant Cox. He was then thrown to the ground. Cox and defendant Rodriguez got on top of him. Cox had his body weight on plaintiff's right elbow "in an attempt to br[eak] my arm." After other officers arrived, he was punched or kicked in the back when being placed in a cell. When his cuffs were removed, defendant Van

3

Raiden smashed his left hand in the tray slot.  As a result, plaintiff states he suffered a lump to the forehead and "minor injuries to the right elbow area."

Plaintiff identifies his second claim as alleging "abuse of authority" in violation of the Fourteenth Amendment.  He states that on September 19, 2019, he suffered an unauthorized and unnecessary cell extraction.  He identifies the officers involved as defendants Hurlbert, Glenn, Lucero, Cox, Cea, Anaya, Martinez, Moss, Abamonga, Villalobos, and Hutchinson.  He appears to be alleging that the officers set him up to be "jumped" by other inmates and that they had done so in the past.  Plaintiff complains that defendants Espinoza and Quam rejected and cancelled his appeals on this issue.  Plaintiff states that he suffered a light concussion, a laceration to the back of his head, swelling of his head, and a black eye.

Finally, plaintiff states that on August 23, 2019, defendant Kessler threw away his earbuds and shower shoes.

Plaintiff seeks damages.  He also seeks injunctions to prevent officers from setting up altercations with other inmates, among other things.

**B. Does Plaintiff State Cognizable Claims?**

**1. First Claim - Eighth Amendment Excessive Force**

**a. Legal Standards**

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.

What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation."  Hudson, 503 U.S. at 5 (citing Whitley, 475 U.S. at 320).  In order to prevail on a claim of cruel and unusual punishment, however, a prisoner must allege and prove that objectively he suffered a sufficiently serious deprivation and that

////

4

subjectively prison officials acted with deliberate indifference in allowing or causing the deprivation to occur.  Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

For claims arising out of the use of excessive physical force, the issue is "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'"  Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (quoting Hudson, 503 U.S. at 7).  The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8, and although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10).

**b.  Does Plaintiff state Excessive Force Claims?**

Plaintiff states that defendant Cox put his entire body weight on plaintiff's elbow and that defendant Van Raiden slammed the food port shut on his left hand.  Construed liberally, these allegations are sufficient to make out a claim for excessive force.  Plaintiff does not, however, sufficiently allege what defendant Rodriguez did that amounted to excessive force.  The fact that Rodriguez held plaintiff down in an apparent attempt to restrain him does not indicate that he was using unnecessary force in a malicious or sadistic manner.  Plaintiff will be permitted to either proceed on his Eighth Amendment claims against defendants Cox and Van Raiden or amend his complaint to attempt to state a claim against defendant Rodriguez.

**2.  Second Claim**

Plaintiff identifies this claim as "abuse of authority."  However, the fact that officers may have conducted a cell extraction in violation of prison rules or regulations is not cognizable under § 1983 unless it rises to the level of a violation of a constitutional right.  See Davis v. Scherer, 468 U.S. 183, 192 (1984); Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of a federal constitutional right).  Plaintiff does, however, appear to be attempting to state a claim that officers extracted him from his cell for the purpose of setting him up to be attacked by other inmates.  This would be a claim of failure to protect that would also arise under the Eighth Amendment.

Plaintiff also states here that defendants Espinoza and Quam failed to process his prison appeals and that defendant Kessler took some of his property. Those allegations are addressed as separate claims below.

### a. Failure to Protect – Legal Standards

Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." Labatad v. Corrections Corp. of America, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) and Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005)). To establish a violation of this duty, a prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate." Labatad, 714 F.3d at 1160 (citing Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002)).

A failure to protect claim under the Eighth Amendment requires a showing that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety." Farmer, 511 U.S. at 837. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id. at 842 (citations omitted). The duty to protect a prisoner from serious harm requires that prison officials take reasonable measures to guarantee the safety and well-being of the prisoner. Id. at 832-33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," plaintiff must allege facts showing the defendant acted with a "sufficiently culpable state of mind." Wilson, 501 U.S. at 297 (internal quotations marks, emphasis, and citations omitted).

### b. Does Plaintiff State a Cognizable Failure to Protect Claim?

Plaintiff simply alleges that numerous officers were responsible for a cell extraction and he was then attacked by other inmates. These conclusory allegations are insufficient to state a claim. If plaintiff wishes to state a claim for failure to protect, he must show that each defendant was aware of the danger to plaintiff, disregarded that danger, and acted in a way that caused plaintiff harm.

Plaintiff will be given an opportunity to amend his complaint to attempt to state a claim for failure to protect.

### 3. Third Claim – Processing Appeals

Plaintiff is advised that prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. It is well established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)); see also, e.g., Wright v. Shannon, No. CIV F–05–1485 LJO YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Walker v. Vazquez, No. CIV F–09–0931 YNP PC, 2009 WL 5088788, at *6–7 (E.D. Cal. Dec.17, 2009) (plaintiff's allegations that prison officials failed to timely process his inmate appeals failed to a state cognizable under the Fourteenth Amendment); Towner v. Knowles, No. CIV S–08–2833 LKK EFB P, 2009 WL 4281999, at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights).

Plaintiff's claims against Espinoza and Quam should be dismissed without leave to amend.

### 4. Fourth Claim – Loss of Property

Only an authorized, intentional deprivation of property is actionable under the Due Process Clause. Neither negligent or "unauthorized intentional deprivations of property gives rise to a violation of the Due Process Clause if the state provides an adequate post-deprivation remedy." Hudson v. Palmer, 468 U.S. 517, 533 n. 14 (1984). Plaintiff alleges only that he was deprived of his property. He does not allege that the deprivation was done pursuant to a prison policy or other form of authorization. Therefore, plaintiff has an adequate postdeprivation remedy under California law. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–95). His claim based on the taking of his property is not cognizable under § 1983 and defendant Kessler should be dismissed from this action.

////

### 5. No Claim against Defendant Watkins

The court notes that while plaintiff listed Watkins as a defendant, he did not make any allegations against Watkins in the body of his complaint. If plaintiff chooses to amend his complaint and feels that defendant Watkins violated his constitutional rights, plaintiff must explain just what Watkins did, that amounted to a constitutional violation. If plaintiff chooses not to amend his complaint, this court will recommend that defendant Watkins be dismissed from this action.

### CONCLUSION

This court finds above that plaintiff has stated a cognizable claim against defendants Cox and Van Raiden for excessive force in violation of the Eighth Amendment. This court further finds that plaintiff has failed to state claims against any of the remaining defendants. Finally, this court finds plaintiff cannot state cognizable claims against defendants Espinoza and Quam for processing his appeals or against defendant Kessler for depriving him of his property. This court recommends below that those claims be dismissed without leave to amend.

Plaintiff has a choice. He may proceed on his excessive force claim against Cox and Van Raiden or he may amend his complaint to attempt to also state claims against the remaining defendants. Plaintiff is warned that in any amended complaint he must include ALL claims he wishes to proceed on in this action.

If plaintiff chooses to file an amended complaint, he must address the problems with his complaint that are explained above. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

////

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

////

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 5) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff has stated a cognizable Eighth Amendment claim against defendants Cox and Van Raiden for excessive force.

4.  Plaintiff's claims against defendants Hurlbert, Glenn, Lucero, Cox, Cea, Anaya, Martinez, Moss, Abamonga, Villalobos, Hutchinson, and Watkins are dismissed with leave to amend.

5.  Plaintiff may choose to proceed on his cognizable claim set out above or he may choose to amend his complaint.

   a.  If plaintiff chooses to proceed on his current Eighth Amendment excessive force claim against defendants Cox and Van Raiden, he shall so notify the court within thirty days.  The court will then order service of the complaint on defendants Cox and Van Raiden and will recommend dismissal of plaintiff's remaining claims.

   b.  If plaintiff chooses to amend his complaint, within thirty days from the date of service of this order, he may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Plaintiff's failure to file an amended complaint within the time provided, or otherwise respond to this order, will result in the case proceeding on plaintiff's Eighth Amendment excessive force claim against Cox and Van Raiden.  The court will then recommend dismissal of plaintiff's remaining claims.

6.  The Clerk of the Court is directed to randomly assign a district judge to this case and to send plaintiff a copy of the prisoner complaint form used in this district.

1    Further, IT IS RECOMMENDED that plaintiff's claims against defendants Espinoza, Quam,

2    and Kessler be dismissed.

3    These findings and recommendations are submitted to the United States District Judge

4    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

5    after being served with these findings and recommendations, plaintiff may file written objections

6    with the court and serve a copy on all parties.  Such a document should be captioned "Objections

7    to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

8    objections within the specified time may waive the right to appeal the District Court's order.

9    Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10   Dated:  January 27, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

18   DLB:9
     DLB1/prisoner-civil rights/clou2593.scrn lta or proceed