1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  JOEL JAMES CLOUD,                          No. 2:19-cv-2593 WBS DB P

12              Plaintiff,

13      v.                                      ORDER

14  OFFICER COX, et al.,

15              Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. § 1983.

18  Plaintiff alleges, among other things, that defendants used excessive force in violation of the

19  Eighth Amendment.  On screening the complaint, this court found:

20          (1) Plaintiff stated a cognizable claim for excessive force against defendants Cox and Van

21  Raiden.

22          (2) Plaintiff failed to state a cognizable excessive force claim against defendant

23  Rodriguez; plaintiff was given leave to amend his complaint to attempt to state that claim.

24          (3) Plaintiff failed to state a cognizable claim regarding a cell extraction against other

25  defendants; plaintiff was given leave to amend to attempt to state a claim regarding the cell

26  extraction.

27  ////

28  ////

1

(4) Plaintiff could not state claims for failure to process his appeals against defendants Espinoza and Quam or for a loss of property against defendant Kessler; this court recommended those claims be dismissed from this action.

In a document filed here on February 10, 2020, plaintiff states that he wishes to proceed on his excessive force claim against defendants Cox and Van Raiden and understands that defendant Rodriguez will be dismissed from this action. (ECF No. 11.) Plaintiff then states "objections." He argues that officers used unnecessary force in the cell extraction.

It appears that plaintiff is attempting to state a somewhat different claim against the officers involved in the cell extraction than the claim this court understood previously. If plaintiff wishes to amend his complaint to attempt to state a claim for excessive force against those officers, he may do so. However, objections are not the correct way to attempt to state that claim. Plaintiff must file an amended complaint that complies with: (1) the legal standards for an excessive force claim; and (2) the standards for filing an amended complaint that are described in the court's January 28, 2020 order. (ECF No. 8.) Plaintiff is reminded that in any amended complaint he must include ALL claims he wants to pursue in this case. In addition, he must specifically describe what each defendant did that violated his Eighth Amendment rights.

The court will provide plaintiff an additional thirty days to file an amended complaint. If he fails to do so, this court will assume plaintiff wishes to proceed on the Eighth Amendment excessive force claim against defendants Cox and Van Raiden and will recommend all other claims in the complaint be dismissed.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Within thirty (30) days of the date of this order, plaintiff shall file any amended complaint as described above and as described in the court's January 28 order.

////

////

////

////

2. If plaintiff does not file an amended complaint or otherwise respond to this order, this case will proceed on plaintiff's claims for excessive force against Cox and Van Raiden. This court will then recommend the remaining claims and defendants be dismissed from this action.

Dated: February 13, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9/DB/prisoner-civil rights/clou2593.lta or proceed 2

3