IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| JOEL JAMES CLOUD,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>D. COX, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:19-cv-02593 WBS DB P<br><br>ORDER |

　　Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §1983.  Plaintiff alleges defendants used excessive force in violation of his Eighth Amendment rights.  Before the court are plaintiff's motions for discovery and defendants' motion for an extension of time to file a dispositive motion.  For the reasons set forth below, this court will deny plaintiff's motions, with one exception, and grant defendants' motion.

**BACKGROUND**

　　This case is proceeding on plaintiff's claims against defendants Cox and Von Rader. Plaintiff alleges defendant Cox threw him to the ground and attempted to break his arm while

plaintiff was handcuffed. He alleges defendant Van Rader used excessive force in removing plaintiff's handcuffs. (See ECF Nos. 1, 8, ).

On January 5, 2021, this court issued a Discovery and Scheduling Order. That order set a deadline of April 30, 2021 for all discovery, including motions to compel discovery, and a deadline of July 16, 2021 for dispositive motions. The order also informed the parties that any requests for discovery must be served on the opposing party no later than 60 days prior to the discovery deadline. (ECF No. 41.) Plaintiff filed two motions to compel discovery – the first on May 18 and the second on May 23.[1] (ECF Nos. 46, 47.) Defendants filed an opposition to both motions (ECF No. 48) and plaintiff filed a reply (ECF No. 51).

On June 28, defendants filed a request for an extension of the deadline for filing dispositive motions. (ECF No. 50.)

## DISCOVERY MOTIONS

### I. Plaintiff's First Request for Production of Documents

Plaintiff served a first request for production of documents on February 1, 2021.[2] Plaintiff's discovery requests relevant to his pending motions and defendants' responses are summarized below:

Request No. 1: Video footage from B-Yard, 5 Building, facing towards cell 250 taken on August 28, 2019 from 9:00 a.m. until 11:30 a.m.

Response: "[T]here is no audio-visual surveillance system (AVSS) footage responsive to Plaintiff's request. No camera was directed toward cell 250 on August 28, 2019, and there is no video footage depicting the allege[d] incident."

Request No. 2: "The 602 appeal that's been sitting at the Sacramento chief appeals coordinators office since July of 2020. The log # is HDSP-Z-19-03536."

Response: After asserting that the term "Sacramento chief appeals coordinators office" is vague, defendants provided plaintiff with:

---

[1] Prisoners' submissions are considered filed with the court on the date the prisoner provides them to prison staff for mailing. See Houston v. Lack, 487 U.S. 266, 270 (1988).

[2] Defendants attached to their opposition brief both plaintiff's discovery requests and their responses. (See ECF No. 48-1 at 5-6.)

1  - CDCR Inmate/Parolee Appeals Tracking System Level III, (Dated March 4, 2021).
2     Showing IAB Number 1914114 (HDSP-19-03536) Screened Out 11/15/2019
3  - IAB 1914114 / HDSP-19-03536 Screen-Out (Dated November 15, 2019)
4  - HDSP-Z-19-03536 Staff Complaint Second Level Appeal Response, including Plaintiff's
5     grievance filing (Dated June 25, 2020); and
6  - HDSP Inmate/Parolee Appeals Tracking System Level I/II (Dated March 8, 2021)

Request No. 3: All the 602 appeals plaintiff filed with the Sacramento chief appeals coordinator's office from February 2020 until present.

Response: Defendants contended plaintiff's request was burdensome and sought information not relevant to this proceeding. They also noted that plaintiff had not filed any third level appeals under CDCR's prior appeals system with the Office of Appeals since November 8, 2019.[3] They then provided plaintiff with the following:

- CDCR Inmate/Parolee Appeals Tracking System, Level III (for the old system) (Dated March 4, 2021)
- CDCR Offender Grievances/Appeals Tracking (for the new system) (Dated March 4, 2021)
- Grievance Appeal Log #000000071914
- Grievance Appeal Log #000000040051
- Grievance Appeal Log #000000024710
- IATS III Third Level Review #1913871 (HDSP-19-04060)
- IATS III Third Level Review #1914114 (HDSP-19-03536)
- IATS III Third Level Review #1909736 (HDSP-19-02540)

////

---

[3] California changed the grievance system in 2020 from a three-tier system to a two-tier system. According to defendants, the new system was implemented in March 2020. Under the three-tier system, inmates submitted grievances, referred to as "appeals," first to a supervisor at the prison, then to the Appeals Coordinator at the prison, and, finally, to CDCR's Office of Appeals. Under the new two-tier system, inmates submit "grievances" to the prison's Office of Grievances and then "appeals" to the Office of Appeals. See 15 Cal. Code Regs. § 3480. Defendants submitted both the record of plaintiff's appeals to the Office of Appeals under the three-tier system (ECF No. 48-1 at 8, 25) and under the current system (ECF No. 48-1 at 26).

**II. Plaintiff's Second Request for Documents**

Plaintiff served his second request for documents on March 29, 2021. He sought:

1. Video footage of an "unauthorized cell extraction on September 19, 2019 as set out in grievance #HDSP FZI-19-09-0502A1."

2. Video footage showing an assault on plaintiff by four inmates on October 14, 2019.

3. Video footage of the August 28, 2019 events in this case.

4. Copies of grievances plaintiff filed after February 20, 2020 that he contends were not contained in defendants' first production.

Defendants refused to respond to plaintiff's second document request, arguing that it was untimely. (See ECF No. 48-1 at 94-101.)

**III. Plaintiff's Motions to Compel**

In his first motion to compel, plaintiff seeks:

1. Video footage from B-Yard, 5 Building, facing towards cell 250 taken on August 28, 2019 from 9:00 a.m. until 11:30 a.m.

2. Video footage of an unauthorized cell extraction on September 19, 2019 as set out in grievance #HDSP FZI-19-09-0502A1.

3. Video footage showing an assault on plaintiff by four inmates on October 14, 2019.

4. All 602s from the Office of Grievance and the Office of Appeals from February 2020 to the February 2021. Plaintiff then identifies nine appeal log numbers.

In his second motion to compel, plaintiff seeks the 602 from the Office of Appeals for grievance #HDSP Z-19-03536.

**IV. Discussion**

Defendants first argue that plaintiff's motions are untimely. They are correct. Motions to compel discovery responses were due no later than April 30, 2021. Both of plaintiff's motions were filed after that date. In his reply, plaintiff claims the court's Discovery and Scheduling Order set a deadline of July 12, 2021 for all pretrial motions, including motions to compel discovery. Plaintiff misreads the court's order. Paragraphs 6 and 7 of that order state: "The parties may conduct discovery until April 30, 2021. Any motions necessary to compel discovery

shall be filed by that date. [¶] All pretrial motions, except motions to compel discovery, shall be filed on or before July 16, 2021." (ECF No. 41 at 6.)

Defendants next argue that even if this court considers the merits of plaintiff's motions, they should be denied. For several reasons, this court agrees in all respects but one. First, plaintiff's motions to compel seek documents beyond the scope of his proper discovery requests. Second, defendants already provided plaintiff with some of the documents he now seeks through his motions or informed plaintiff that responsive materials are not available. Third, plaintiff seeks documents that are not relevant to the issues in this case. Fourth, defendants properly refused to respond to plaintiff's second request for discovery because it was served on March 29, almost a month after the deadline. Each of these issues is discussed below.

With respect to plaintiff's request for video footage of the August 28, 2019 events at issue in this case, defendants informed plaintiff that such video footage does not exist. Plaintiff provides no reasonable basis to believe defendants are being untruthful. Plaintiff's motion to compel that video footage will be denied on the grounds that his motion is untimely and because it is meritless.

With respect to plaintiff's request for video footage of the events on September 19 and October 14, 2019, plaintiff sought those videos for the first time in his second document request. Because that request was untimely and, therefore, improper, defendants had no obligation to respond to it and this court will not compel responses to it. Further, even if this court could consider those requests, plaintiff fails to show they are relevant to the issues in this case. This case is proceeding on one claim – that defendants Cox and Von Rader used excessive force on August 28, 2019. While plaintiff appears to attribute blame to defendants for the September and October events, plaintiff's assertions of retaliation and other issues are not the subject of this case. Plaintiff's motion to compel defendants to provide video footage from September and October 2019 will be denied as untimely and on the merits.

Plaintiff seeks to compel defendants to provide copies of all 602 grievances he submitted to the Office of Grievances and Office of Appeals from February 2020 to February 2021. First,

1  plaintiff's original discovery request was limited to appeals submitted to the Office of Appeals.
2  Therefore, he has no basis to seek grievances submitted to the Office of Grievances.

3      Defendants provided plaintiff with a copy of the CDCR records of plaintiff's appeals
4  submitted to the Office of Appeals. (See ECF No. 48-1 at 8, 25-26.) The first record, of appeals
5  submitted under the old three-tier appeal system, shows that plaintiff submitted no appeals to that
6  office after November 2019. (ECF No. 48-1 at 8, 25.) Despite that, defendants provided plaintiff
7  with copies of his 2019 submissions to the Office of Appeals for appeal nos. 4060 (ECF No. 48-1
8  at 53-67) and 2540 (ECF No. 48-1 at 68-91).

9      The CDCR records also show that plaintiff submitted three appeals to the Office of Appeals
10 under the current two-tier system. The appeal numbers are: 64552, 40051, 24710. In addition,
11 while not reflected in the summary, defendants provide documents showing that plaintiff
12 appealed grievance no. 71914. (See ECF No. 48-1 at 29.)

13     Defendants provided plaintiff with copies of his appeals numbered 71914, 40051, and
14 24710. (See ECF No. 48-1 at 29-52.) Defendants did not provide plaintiff with a copy of his
15 appeal no. 64552 because, according to defendants, it was received by the Office of Appeals on
16 January 4, 2020, prior to the window specified by plaintiff. (See ECF No. 48 at 5.) However, the
17 records provided by defendants show that appeal no. 64552 was received by the Office of
18 Appeals on December 7, 2020. (ECF No. 48-1 at 26.) While this court recognizes that plaintiff's
19 motion to compel was untimely, appeal no. 64552 appears to have been responsive to plaintiff's
20 timely discovery request because it was submitted to the Office of Appeals between February
21 2020 and February 2021. Therefore, this court will order defendants to provide plaintiff with a
22 copy of it. In all other respects, plaintiff's motion to compel the production of copies of appeals
23 will be denied as untimely and because, with the exception of appeal no. 64552, defendants
24 appear to have provided plaintiff with all responsive documents.

25     Finally, plaintiff seeks a copy of the appeal he submitted to the Office of Appeals regarding
26 the incident at issue in this case, appeal no. HDSP Z 19-3536. The records provided by
27 defendants show that the Office of Appeals received plaintiff's appeal in that matter on
28 November 4, 2019. The office rejected that appeal because plaintiff had bypassed the second

level of review, the Appeals Coordinator at HDSP. The HDSP Appeals Coordinator then reviewed and denied plaintiff's appeal on June 25, 2020. While plaintiff appears to assert that in July 2020, he submitted his appeal to the Office of Appeals, the third level of review, the CDCR record of all plaintiff's appeals submitted to the Office of Appeals does not reflect that submission. (See ECF No. 48-1 at 8-25.) Because defendants do not have a record of the appeal plaintiff seeks, plaintiff's motion to compel a copy of that appeal will be denied.

**MOTION FOR EXTENSION OF TIME**

Defendants seek a ninety-day extension of time to file a motion for summary judgment. Good cause appearing, defendants shall have until October 14, 2021, to file a motion for summary judgment.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's May 18, 2021 motion to compel (ECF No. 46) is granted with respect to plaintiff's appeal no. 64552 to the Office of Appeals. Defendants shall provide plaintiff with a copy of that appeal within twenty days of the date of this order. In all other respects, plaintiff's May 18 motion to compel is denied.

2. Plaintiff's May 23, 2021 motion to compel (ECF No. 47) is denied.

3. Defendants' June 28, 2021 motion for an extension of time (ECF No. 50) is granted. The deadline for filing dispositive motions is extended through October 14, 2021.

Dated: July 20, 2021

DLB:9/DB prisoner inbox/civil rights/s/clou2593.mtc

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE